[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14029
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cr-60033-WPD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus


SHENANE BABBS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 18, 2018)

Before WILSON, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Shenane Babbs, a federal prisoner who pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343, appeals her 32-month sentence. On appeal, Babbs argues that the district court's sentence was substantively unreasonable. We affirm.

We review the reasonableness of a sentence under the abuse-of-discretion standard. *United States v. Foster*, 878 F.3d 1297, 1304 (11th Cir. 2018). The party who challenges the sentence bears the burden to show that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2). *United States. v. Irey*, 612 F.3d 1160, 1196 (11th Cir. 2010) (en banc). The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009). We will only remand for resentencing when "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies

2

outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence. *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014). Although the court need not presume that a sentence within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Here, the district court did not abuse its discretion in imposing Babbs's sentence. The guideline range was 33 to 41 months, and the statutory maximum was 240 months. The 32-month sentence was below the guideline range, and was substantially below the statutory maximum. These are two indicia of reasonableness. Further, the district court expressly considered the § 3553 factors, and thoughtfully weighed the mitigating and aggravating circumstances when making its decision. The court made a reasonable determination in light of this information, and it did not abuse its discretion.

**AFFIRMED.**

3